UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSIE MEGRAVE,<br><br>                      Plaintiff,<br><br>    v.<br><br>KING COUNTY, *et al.*,<br><br>                      Defendants. | CASE NO. C19-0214-RSM-MAT<br><br>REPORT AND RECOMMENDATION |

### INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Hassie Megrave has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, his amended complaint, and the balance of the record, concludes that plaintiff has not adequately stated a claim for relief in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### DISCUSSION

Plaintiff Hassie Megrave submitted his original civil rights complaint to the Court for filing on February 13, 2019 while he was confined at the King County Correctional Facility ("KCCF")

in Seattle, Washington.  (*See* Dkt. 1-1.)   Plaintiff alleged in his complaint that he had been the victim of identity theft, apparently because many people believed him to be dead, and that he had had real property stolen from him, including the KCCF.  (Dkt. 6 at 3.)  Plaintiff also appeared to assert in his complaint that he had been denied treatment for edema in 2017 which resulted in a double leg amputation.  (*Id*.)  Plaintiff identified King County and the City of Seattle as defendants in his complaint.  (*Id*. at 1-2.)  Plaintiff requested relief in the form of restoration of his name, return of his property, and an award of damages in the amount of $12 million.  (*Id*. at 4.)

On March 4, 2019, this Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend.  (Dkt. 4.)  Plaintiff was advised therein that his complaint was deficient because his statement of claim was confusing, because he failed to identify the constitutional rights he believed were violated by defendants or to allege facts implicating federal constitutional concerns, and because he failed to clearly identify any municipal policy or custom of either King County or the City of Seattle that caused him harm.  (Dkt. 4 at 3.)  Plaintiff was advised that if he wished to proceed with this action he would have to provide more specificity and clarity with respect to his claims and ensure that his claims comported with the standards for stating a claim under § 1983, standards which were detailed in the Court's Order.  (*See id*. at 2-3.)

On March 12, 2019, plaintiff filed what he identified as an amended complaint.  (Dkt. 7.)  In the portion of the complaint form calling for a statement of plaintiff's claim, plaintiff (1) asked that he be granted an extension of time to file his amended complaint, (2) quarreled with the Court's directive that he provide more specificity and clarity with respect to his claims, and ensure they comport with § 1983 standards, given the directive on the complaint form that he provide no legal argument, and (3) claimed that he built the KCCF which King County "Developer Records" could confirm.  (*See id*. at 3.)  Plaintiff named the City of Seattle and an unidentified Supervisor

REPORT AND RECOMMENDATION
PAGE - 2

at the KCCF as defendants in his amended complaint. (*See id*. at 2.) Plaintiff's amended complaint did not set forth any request for relief but instead relied on the request set forth in his original complaint. (*Id*. at 5.)

Though plaintiff made no effort in his amended pleading to address the deficiencies identified in his original pleading, the Court determined that it was appropriate to provide plaintiff another opportunity to submit an amended complaint in light of his request for additional time and his apparent confusion over what was required to adequately allege a cause of action under § 1983. Thus, on April 9, 2019, this Court issued an Order declining to serve plaintiff's amended complaint and granting him leave to file a second amended complaint. (Dkt. 8.) In that Order, the Court granted plaintiff 45 days to submit an amended pleading, explained again what was required for plaintiff to adequately allege a cause of action under § 1983, and advised plaintiff that any intended claim that he had been deprived of property that rightfully belongs to him; *i.e.*, the KCCF, was not viable in this civil rights action. (*Id*. at 3-4.) The Court subsequently extended the deadline for plaintiff to file his second amended complaint to August 23, 2019. (*See* Dkt. 14 at 3.) To date plaintiff has filed no second amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state any claim upon which relief could be granted in either his original or his amended pleading, and because he failed to file a second amended pleading correcting the deficiencies identified in the Court's Orders declining to serve his original and amended pleadings, this action must be dismissed.

/ / /

REPORT AND RECOMMENDATION
PAGE - 3

CONCLUSION

Based on the foregoing, this Court recommends that this action be dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii). This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 4, 2019**.

DATED this 12th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4